**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GRANT PRIDECO, INC., REEDHYCALOG UK LTD, REEDHYCALOG, L.P., NOV INC., | § § § § | **[Removed from the Business Court Division of the Eleventh District Sitting in Harris County, Texas, Cause No. 25-BC11A-0019]** |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| BAKER HUGHES OILFIELD OPERATIONS INC.; BAKER HUGHES, A GE COMPANY; AND BAKER HUGHES INCORPORATED | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | | |

## BAKER HUGHES OILFIELD OPERATIONS LLC'S AND BAKER HUGHES COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1338, 1441, 1446, and 1454, defendants, Baker Hughes Oilfield Operations LLC ("BHOO")[1] and Baker Hughes Company ("BHC") (together, "Baker Hughes")[2], file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division. This case involves issues of federal law underlying a dispute between NOV and Baker Hughes entities concerning a patent license agreement between NOV and Baker Hughes and matters of noninfringement of certain NOV patents. Two other cases between NOV and its other licensees under analogous license agreements, which concern the

---

[1] BHOO LLC was improperly identified as BHOO Inc. in the Petition, because BHOO Inc. converted to BHOO LLC. BHOO LLC responded to the Petition in the form of an Answer concurrently with removal.

[2] Plaintiffs also brought this action against Baker Hughes, a GE Company ("BHGE") and Baker Hughes Incorporated ("BHI"). As noted below, BHGE became Baker Hughes Company ("BHC") and responds in place of BHGE. BHI no longer exists and cannot respond.

same, identical patents (both cases also involving counts for declaratory judgment of noninfringement of the exact same patents at issue) are currently pending before the Hon. Judge Andrew S. Hanen in this District: *Grant Prideco, Inc. v. Schlumberger Tech. Corp., et al.*, C.A. No. 4:23-cv-00730 (S.D. Tex.) ("Schlumberger Lawsuit"); *Halliburton Energy Servs., Inc. v. Grant Prideco, Inc., et al.*, No. 4:23-cv-01789 (S.D. Tex.) ("Halliburton Lawsuit"). Baker Hughes respectfully shows as follows:

## I.    PENDING STATE COURT ACTION

On March 27, 2025, plaintiffs, Grant Prideco, Inc. ("Grant Prideco"), ReedHycalog UK, Ltd., ReedHycalog, LP (both ReedHycalog entities together, "ReedHycalog"), and National Oilwell Varco, LP's ("NOV") (collectively, "Plaintiffs"), filed Plaintiffs' Petition against Baker Hughes Oilfield Operations Inc. and Baker Hughes Incorporated in *Grant Prideco, Inc., et al. v. Baker Hughes Oilfield Operations Inc., et al.,* Case No. 25-BC11A-0019 in the Business Court of Texas, Eleventh Business Court Division in Harris County. In their Petition, Plaintiffs presented claims for alleged breach of contract for the alleged failure of certain Baker Hughes entities to pay allegedly owed patent royalties to Plaintiffs under a patent license agreement between Plaintiffs and Baker Hughes entities (the "License Agreement") and for a declaratory judgment that three United States patents fall within the coverage of the License Agreement.

On July 2, 2025, Plaintiffs filed their First Amended Petition against Baker Hughes Oilfield Operations Inc., Baker Hughes, a GE company (d/b/a Baker Hughes Company or Baker Hughes), and Baker Hughes Incorporated. In their First Amended Petition, Plaintiffs revised the named defendants but continued to present the same claims. Plaintiffs' breach claim centers on the issues of whether Plaintiffs' interpretation and attempted application of the License Agreement to collect royalties on either expired or uninfringed patents – all invoking questions of federal law, including

whether Plaintiffs' interpretation and attempted application of the license agreement to collect royalties on the expired "Core Patents" constitute patent misuse in violation of federal law under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964) and whether Plaintiffs may obtain patent royalties on unexpired patents, which Baker Hughes maintains it does not infringe.

On July 25, 2025, BHOO and BHC (collectively, "Baker Hughes") filed their Original Answer, Affirmative Defenses and Counterclaims to the Plaintiffs' First Amended Petition (As Removed), filed contemporaneously herewith.  Baker Hughes' defenses to Plaintiffs' claims, including, *inter alia*, unenforceability of the License Agreement at issue due to patent misuse under federal law, preemption , and invalidity of the License Agreement based upon public policy invoke questions of federal law.[3]  Baker Hughes also asserts counterclaims for, *inter alia*, a) declaratory judgment that Baker Hughes has not breached the License Agreement, b) declaratory judgment that Baker Hughes does not have current, continuing obligations under the License Agreement, and c) for declaratory judgment for the return of overpayments as money had and received by Counter-Defendants – all of which invoke the same issues of unenforceability of the License Agreement as Counter-Defendants have asserted it, under federal law, as a result of Plaintiffs/Counter-Defendants' patent misuse.  In addition, in its counterclaims, Baker Hughes seeks declarations of noninfringement of the three same patents for which Plaintiffs seek declarations that they are subject to the License Agreement.

Plaintiffs' attempt to extract royalties past the expiration of the Core Patents constitutes patent misuse, is unlawful *per se*, and results in the unenforceability of the License Agreement, according to the doctrine set forth by the Supreme Court of the United States in *Brulotte v. Thys*

---

[3] Unless stated otherwise, defined terms herein shall have the same meanings as in Baker Hughes' Answer, filed with this Court on July 25, 2025.

*Co.*, 379 U.S. 29, 31-33 (1964).  In addition, Baker Hughes seeks a declaratory judgment that it does not infringe any claim of U.S. Patent Nos. 7,568,534, 8,721,752, and 8,910,730 – patents that Plaintiffs seek to establish are properly within the patent License Agreement in Plaintiffs' attempt to collect patent royalties for an extended period.  The counts seeking declaratory judgment of noninfringement arise under federal law and are directly related to the affirmative claims Plaintiffs assert.

## II.     CONTENT OF SUBMISSION

Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, Baker Hughes has attached the following documents:

- The Stipulation of Waiver of Service of Process is attached as Exhibit A;

- All pleadings asserting causes of action in the State Court Action are attached as Exhibit B;

- The docket sheet for the State Court Action is attached as Exhibit C;

- An index of matters being filed is attached as Exhibit D; and

- A listing of all counsel of record in the State Court Action is attached as Exhibit E.

## III.    TIMING OF REMOVAL

Plaintiffs served the Petition on Baker Hughes on June 25, 2025.  Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. §§ 1446(b)(1) and (b)(3), because this Notice of Removal was filed within 30 days of receipt by Baker Hughes of Plaintiffs' Petition that necessarily invoked questions of federal law, including the law of patent misuse.

IV.    **REMOVAL JURISDICTION**[4]

A.    **The Standard for Federal Jurisdiction**

In *Gunn v. Minton*, the U.S. Supreme Court stated that:

> Congress has authorized the federal district courts to exercise original jurisdiction
> in "all civil actions arising under the Constitution, laws, or treaties of the United
> States," 28 U.S.C. §1331, and, more particularly, over "any civil action arising
> under any Act of Congress relating to patents," §1338(a). Adhering to the demands
> of "[l]inguistic consistency," we have interpreted the phrase "arising under" in both
> sections identically, applying our §1331 and §1338(a) precedents interchangeably.
> *See Christianson v. Colt Industries Operating Corp*., 486 U.S. 800, 808-809, 108
> S. Ct. 2166, 100 L. Ed. 2d 811 (1988). For cases falling within the patent-specific
> arising under jurisdiction of §1338(a), however, Congress has not only provided
> for federal jurisdiction but also eliminated state jurisdiction, decreeing that "[n]o
> State court shall have jurisdiction over any claim for relief arising under any Act of
> Congress relating to patents." §1338(a) (2006 ed., Supp. V). To determine whether
> jurisdiction was proper in the Texas courts, therefore, we must determine whether
> it would have been proper in a federal district court--whether, that is, the case
> "aris[es] under any Act of Congress relating to patents."

568 U.S. 251, 257 (2013).  The Supreme Court explained that, even in some cases where the

asserted claims originate in state law, there still may be federal jurisdiction.  *Id*. at 258.  The test

is whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and

substantial, which a federal forum may entertain without disturbing any congressionally approved

balance of federal and state judicial responsibilities."  *Id*. (citing *Grable & Sons Metal Prods. V.*

*Darue Eng'g & Mfg.,* 545 U.S. 208 at 314).  More specifically, the Supreme Court laid out the

following test:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1)
> necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of
> resolution in federal court without disrupting the federal-state balance approved by
> Congress. Where all four of these requirements are met, we held, jurisdiction is
> proper because there is a "serious federal interest in claiming the advantages

---

[4] Pursuant to 28 U.S.C. § 1446, Baker Hughes provides a short and plain statement on the ground
for removal.  The allegations and Counterclaims giving rise to its grounds for removal are more
fully set forth in Baker Hughes' Original Answer, Defenses, and Counterclaims being filed
contemporaneously herewith and are fully incorporated herein.

thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id.*, at 313-314, 125 S. Ct. 2363, 162 L. Ed. 2d 257.

*Gunn*, 568 U.S. at 258.

**B.    This Action is Removable Under 28 U.S.C. §§ 1441(a) and 1454(a) because Federal Jurisdiction Lies in this Case**

**1.    This Case Necessarily Raises Federal Issues**

Plaintiffs' First Amended Petition raises federal issues.  Plaintiffs allege that Baker Hughes owed patent royalties under a License Agreement.  The twelve Core Patents subject to the License Agreement have expired.  Baker Hughes contends that it does not infringe the remaining, unexpired Non-Core Patents (one of which Baker Hughes also contends does not properly belong within the License Agreement).   Thus, to the extent Plaintiffs contend that Baker Hughes owes royalties under the License Agreement based on the expired Core Patents after the expiration of those patents, then this case raises issues of whether Plaintiffs' position constitutes patent misuse – solely an issue of federal law.  *See Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 703-04 (Fed. Cir. 1992) ("The concept of patent misuse arose to restrain practices that did not in themselves violate any law, but that draw anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy.").   Those issues are raised within Plaintiffs' declaratory judgment Counts II, III, and IV, Ex. [*] (Pls.' First Am. Pet.) at Counts II, III, and IV, and in Defendants' first and second defenses and Counter-Plaintiffs' first and second declaratory judgment counts.

To the extent Plaintiffs contend that Baker Hughes owes royalties based upon the unexpired Non-Core Patents, Plaintiffs' claims raise issues of whether Baker Hughes practices (i.e., infringes) those patents, and issues of patent infringement are solely issues of federal law.  *See* 28 U.S.C. § 1441(a).  As such, this case is removable to this Court pursuant to 28 U.S.C. § 1441(a)

being a civil action brought in state court, but over which this federal district court has original jurisdiction. *See also* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").

Further, this case is removable to this Court pursuant to 28 U.S.C. § 1454(a) because 1) Baker Hughes' defenses to Plaintiffs' First Amended Petition, including the defenses of unenforceability due to patent misuse, preemption, and that the License Agreement is void for being contrary to public policy, necessitate determinations under federal patent law, and 2) Baker Hughes' Counterclaims also necessitate determinations under federal law, in that Baker Hughes' counterclaim Count I seeks a declaration of no breach implicates issues of patent misuse under federal law, and Baker Hughes' counterclaim Counts IV-VI seek declarations of noninfringement of the same three Non-Core Patents that Plaintiffs seek to have declared subject to the License Agreement – again, clearly raising issues of federal law.  28 U.S.C. Section 1454 provides that a civil action is removable if "any party asserts a claim for relief arising under any Act of Congress relating to patents."  28 U.S.C. § 1454(a); *see also* 28 U.S.C. § 1441(c)(1).  All claims arising under federal patent law are removable, regardless of who has asserted them.  Section 1454 was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws even when asserted in counterclaims, rather than in an original complaint."  *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015).  Under Section 1454, "a defendant with a patent . . . counterclaim is no longer bound by a plaintiff's well-pleaded state law complaint to litigate in state court."  *Donohue v. Tokyo Electron America, Inc.*, 42 F.Supp.3d 829, 834, 2014 WL 12479285, at *3 (W.D. Tex. 2014).

## 2.    Federal Issues are Actually Disputed in this Case

The federal issues identified above are actually disputed in this case.  The parties entered a License Agreement in 2008 and amended it in 2009.  Plaintiffs claim they are entitled to royalty payments through 2031, while Baker Hughes contends that it is not, as is made clear by Plaintiffs' Counts and Baker Hughes' defenses, implicating the federal issues of patent misuse.  *See Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964) ("A patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful *per se*.); *see also Kimble v. Marvel Entm't, LLC*, 57 U.S. 446, 454 (2015) (declining to overturn *Brulotte*.)

The basis for Plaintiffs' assertion is that royalty obligations under the License agreements with Baker Hughes continue until the expiration of all patents licensed under those agreements.  Plaintiffs contend that U.S. Patent No. 7,568,534 ("the '534 Patent"), U.S. Patent No. 8,910,730 ("the '730 Patent"), and U.S. Patent No. 8,721,752 ("the '752 Patent") are licensed under the license agreement between NOV and that the last of such patents do not expire until 2031.

Plaintiffs' claims against Baker Hughes necessarily raise federal issues that are actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  In Plaintiffs' First Amended Petition, Plaintiffs state that they "seek relief in the form of a declaration that the '534 Patent and its foreign counterparts or Licensed RH Patents."  Ex. [*] (Pls.' First Am. Pet.) at ¶42.  Plaintiffs seek the same declarations for the '730 Patent and the '752 Patents.  *Id.* ¶¶ 48, 54.  Plaintiffs base these allegations on three alleged "Licensed RH Patents" that they assert expire after May 15, 2023.  *Id.* ¶¶ 27–29.  But, under its respective license agreements, Baker Hughes would have to practice a Licensed RH Patent after May 2023 as a threshold to owing royalties after that date.  It does not.

Second, Plaintiffs' claims against Baker Hughes necessarily raise other federal issues that are actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  As stated directly above, Plaintiffs plead that there are three alleged Licensed RH Patents that they assert expire after May 15, 2023 (the Non-Core Patents). *Id.* ¶¶ 27–29.  Baker Hughes does not practice, and therefore does not infringe, the Non-Core Patents.  For these reasons, and under long-standing U.S. Supreme Court precedent, Baker Hughes does not owe royalties on the Non-Core Patents.  This is a determination that necessarily invokes federal patent law.

Third, Plaintiffs' claims against Baker Hughes necessarily raise yet other federal issues that are actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  The 12 Core Patents have expired.  The license agreement at issue is a patent license, and the relief requested by Plaintiffs is enforcement of an agreement to obtain royalties after the 12 Core Patents have expired based on three patents Baker Hughes does not use.  *Id.* at 2, ¶¶ 26–29.

Such conduct constitutes patent misuse in violation of federal law, because it is well established by U.S. Supreme Court precedent that, under federal case law, a licensor cannot collect royalties under a portfolio license past the expiration of patents that a licensee actually practices. *Brulotte v. Thys Co.*, 379 U.S. at 32 (1964); *Kimble*, 576 U.S. at 458 (2015) ("But the core feature of the patent laws on which Brulotte relied remains just the same:  Section 154 now, as then, draws a sharp line cutting off patent rights after a set number of years.").  In *Brulotte v. Thys Co.*, the United States Supreme Court held that "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se."  379 U.S. 29 at 32.  Therefore, Plaintiffs' acts to collect royalties after expiration of the 12 Core Patents are unlawful.

In addition, Baker Hughes asserts both defenses and counterclaims that necessitate determinations under federal law, including seeking declaratory relief that Baker Hughes does not owe royalties on the Non-Core patents.  Because under *Brulotte* and *Kimble*, it is unlawful per se for Plaintiffs (Counter-Defendants) to demand royalties for expired patents, Baker Hughes' counterclaim involves application of this federal doctrine.   Similarly, Baker Hughes' counterclaims seeking declarations of noninfringement of the three Non-Core patents that Plaintiffs seek to have declared to fall within coverage of the License Agreement are further examples of federal issues actually in dispute.

Accordingly, this case is removable to this Court under 28 U.S.C. §§ 1441(a), 1446, and 1454(a).

> **3.     The Federal Issues are Substantial and are Capable of Resolution in Federal Court without Disrupting the Federal-State Balance Approved by Congress**

In order for an issue to be considered "substantial," its resolution must be important "to the federal system as a whole."  *AEP Excluded Asset Co, LLC v. Bellanergy, LLC*, 2024 U.S. Dist. LEXIS 17611, *10-11 (internal quotations omitted).  "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue." *Id.* (quoting *Grable*, 545 U.S. at 314).  The federal system has a strong interest in the availability of a federal forum to resolve patent claims, and, relatedly, in "the development of a uniform body of [patent] law." *Id.*; *see also* 28 U.S.C. § 1338(a) (granting federal courts original and exclusive jurisdiction over patent suits). The counterclaim counts for declaratory judgment of noninfringement, alone, are within the province of federal courts, and therefore, demonstrate substantiality.  In addition, uniformity in the law on the issue of whether, under federal law, patent royalties can be due on either expired or unexpired but uninfringed patents under a portfolio license are undoubtedly substantial for purposes of patent

licensing practice. The same is true of uniformity of result in patent infringement litigation, all of which falls within the exclusive jurisdiction of the federal courts.

In assessing the substantiality of patent issues, courts draw a meaningful distinction between "backward-looking" and "forward-looking" issues. *Id.* at *10. "Backward-looking" patent issues present no live questions, that is, their resolution bears no risk of impacting patent-holder's rights. *Id.* Forward-looking patent issues, on the other hand, do not disrupt the state-federal balance. *Id.* at *12. "Forward-looking patent issues pose questions involving live patents, and their resolution risks impacting patent-holder's rights." *Id.* at *11; *see also Jang v. Bos. Sci. Corp.*, 767 F.3d 1334, 1337 (Fed. Cir. 2014) (patent infringement and validity issues were substantial as they were "neither entirely backward-looking nor hypothetical" and had "real world potential" for impacting "subsequently arising infringement suits affecting other parties"); *Forrester Env't Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1334 (Fed. Cir. 2013) (explaining that forward-looking issues are substantial because they "could result in inconsistent judgments between state and federal courts"); *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 441 (5th Cir. 2019) (patent issue was substantial where patent was "currently valid and enforceable" and litigation thus had "the potential to render that patent effectively unenforceable"). Forward-looking patent issues are substantial. *Id.*

The issues here – matters of whether to require patent royalties on expired or uninfringed patents – are forward-looking and substantial. Plaintiffs seek approximately ten years of additional royalties, through 2031, and, that is forward-looking. In addition, the counterclaims seeking declaratory judgments of noninfringement of three Non-Core Patents are also forward-looking, as they bear on the same issues surrounding whether Baker Hughes owes royalties through 2031. Baker Hughes raises analogous matters in its defenses and counterclaims. In addition, entirely

analogous issues are central to the Schlumberger Lawsuit and the Haliburton lawsuit – both pending before the Hon. Andrew Hanen in this federal District Court. The exercise of jurisdiction over this action will not upset the federal-state balance approved by Congress. *See Grable*, 545 U.S. at 313-314. As this Court explained in *AEP Excluded Asset Co, LLC v. Bellanergy, LLC*, 2024 U.S. Dist. LEXIS 17611 at *12-13, this final requirement for federal jurisdiction typically tracks the third factor; a substantial federal issue is unlikely to disrupt the federal-state balance, while an insubstantial one impermissibly treads upon matters best left to the states.

Moreover, to allow a state court to resolve the questions in the present case would risks "inconsistent judgments between state and federal courts." *Id.*; *see also Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635 (Fed. Cir. 2015) (concluding that the fourth factor was met because "[a]llowing a state court to resolve a patent law preemption question risks 'inconsistent judgments between state and federal courts.' We cannot permit such a result when Congress has vested exclusive appellate jurisdiction over patent cases in this court."). Given there are substantial, forward-looking patent issues underlying Plaintiffs' claims and Defendants' counterclaims, keeping this case in federal court will not risk disrupting states' adjudicative role, and the Court should find the fourth *Gunn* factor satisfied.

### C. This Court has Supplemental Jurisdiction over State Law Claims

This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any state law claims or counterclaims that do not arise under federal patent law because they are "so related to claims in this action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The defenses and counterclaims further arise under the same

operative facts as the Plaintiffs' First Amended Petition and Baker Hughes' Counterclaims. *See* 28 U.S.C. § 1367(a).

## V.    VENUE

Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court because the Texas Business Court, Eleventh Business Court Division is in Harris County, Texas, where the State Court Action is pending, is located within this District and Division.

## VI.    NOTICE TO ADVERSE PARTIES AND TO STATE COURT

As the removing party, Baker Hughes will give Plaintiffs prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

Baker Hughes will also file a copy of this Notice of Removal with the Clerk of Court for the Texas Business Court, Eleventh Business Court Division, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiffs' counsel.

## VII.    NO WAIVER

By filing this Notice of Removal Baker Hughes does not waive any available defenses.

## VIII.    CONSENT TO REMOVAL

The Baker Hughes entities capable of being properly joined and served in this action consent to the removal of the State Court Action to this Court.

WHEREFORE, Baker Hughes respectfully requests that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the Texas Business Court, Eleventh Business Court Division, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before

it copies of all records and proceedings presently pending in the aforesaid state court suit, and

thereupon proceed with this civil action as if originally commenced in this Court; and that this

Court enter all necessary and appropriate orders and decrees in accordance with applicable law.


**DATE:** July 25, 2025                    Respectfully submitted,


                                           By: */s/ Peter J. Chassman*

                                           Peter J. Chassman
                                           ATTORNEY-IN-CHARGE
                                           Texas Bar No. 00787233
                                           Southern District of Texas Bar No. 16992
                                           Nicole S. Soussan
                                           Texas Bar No. 24079371
                                           Southern District of Texas ID No. 1055672
                                           Dandee Cabanay
                                           Texas Bar No. 24142746
                                           Southern District of Texas ID No. 3910557
                                           **REED SMITH LLP**
                                           1221 McKinney St., Suite 2100
                                           Houston, Texas 77010
                                           Telephone: 713-469-3885
                                           Facsimile: 713-469-3800
                                           pchassman@reedsmith.com
                                           nsoussan@reedsmith.com
                                           dcabanay@reedsmith.com

                                           **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF System on July 25, 2025, as follows:

Harry Susman
Abigail C. Noebels
Armando Lozano
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Email: hsusman@susmangodfrey.com
          anoebels@susmangodfrey.com
          alozano@susmangodfrey.com


*Peter J. Chassman*
Peter J. Chassman